FILED
2021 FEB 9 AM 10:20
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>  Plaintiff,<br><br>v.<br><br>UTAH GOVERNOR et al.,<br><br>  Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:19-CV-868 BSJ<br><br>District Judge Bruce S. Jenkins |

Plaintiff, inmate Shayne E. Todd, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2020).[1] On July 20, 2020, the Court screened Plaintiff's Complaint, (ECF No. 1), under its statutory review function,[2] giving him guidance on filing an amended complaint[3]; the Court stated, "Plaintiff

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2020).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 *id*. § 1915A.

[3] Plaintiff's disregarded the Court's guidance, (ECF No. 4), in his Amended Complaint, (ECF No. 6), which reflects similar deficiencies to those identified in his original complaint, (ECF Nos. 1, 4). The Court also found an old case of Plaintiff's

must . . . fil[e] a document entitled, "Amended Complaint," that does not refer to or include any other document." (ECF No. 4.) On August 27, 2020, Plaintiff filed Amended Complaint. (ECF No. 6.) On December 16, 2020, he filed, "Amended Notice of Claim of Unconstitutionality of State Statute," (ECF No. 8), and support memorandum, (ECF No. 9). On February 3, 2021, he filed, "Request for Leave to File an Amended Complaint," to which Plaintiff refers as "Second Amended Complaint," (ECF No. 11, at 3), naming five defendants that had previously been listed as John Does. (ECF No. 10.) On February 4, 2021, he filed, "Motion for Preliminary Injunction and/or Protective Order," (ECF No. 11), apparently seeking to expedite relief requested in his Amended Complaint(s), (ECF Nos. 6, 10), and obtain relief as to formerly unmentioned conditions of confinement.

The Court strikes Plaintiff's documents regarding claims of unconstitutionality of state statute. (ECF Nos. 8-9.) These documents are outside the scope of the one document, entitled, "Amended Complaint," invited by the Court. (ECF No. 4.)

Having now screened the Amended Complaint, (ECF No. 6), together with "Second Amended Complaint," (ECF No. 10), the Court dismisses this case for failure to state a claim upon which relief may be granted. 28 U.S.C.S. § 1915A(b)(1) (2020).

## BACKGROUND

Plaintiff names the following defendants: Utah Board of Pardons and Parole (BOP) Chairperson Carrie Cochran, BOP member Greg Johnson, Utah Sentencing Commission Director Marshall Thompson, Utah Department of Corrections (UDOC) Director Mike Haddon, UDOC Executive Director Brian Nielson, UDOC Warden Robert Powell, UDOC Captain Kent Yocum, UDOC

---

which was dismissed on many of the same grounds as those used to dismiss this case. *Todd v. Herbert*, 2:12-CV-483-TS (D. Utah Oct. 29, 2012) (dismissal order). Plaintiff should be well aware of the deficiencies resulting in dismissal here.

Lieutenant Nickles Lund, and UDOC Captain Sharen Dimico. (ECF Nos. 6, 10.) At bottom, he alleges these defendants violated his federal constitutional rights by not releasing him from custody on parole within the span of his five-to-life sentence. Plaintiff requests money damages. (ECF No. 6, at 62.) The Court addresses one-by-one the many bases upon which to deny Plaintiff's claims against Defendants.

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id*. at 675 (citation omitted). Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of complaint states that possible claims accrued before November 6, 2015--which is four years before the original complaint was filed on November 6, 2019. (ECF Nos, 1, 6, 10.) The Court thus dismisses any potential claims, under the statute of limitations, that accrued before November 6, 2015. *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint *sua sponte* under § 1915A(b)(1) based on an

affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

### 3. Improper Defendants - **Affirmative Link**

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone insufficiently supports § 1983 liability). Further, grievance denial, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (unpublished).

Based on this standard, Plaintiff has not linked Defendants Utah governor, Thompson, Nielson, Powell, Yocum, Lund, and Dimico to a civil-rights violation. These defendants are thus dismissed.

### 4. Immunity

A basis for dismissal of Defendants Cochran and Johnson regards their status as BOP members. As to suits for money damages like this one, "Parole board members have absolute immunity from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (unpublished) (quotation marks & citations omitted) (alteration in original). Plaintiff's amended complaint clearly

identifies Cochran and Johnson as BOP members--"as such, they enjoy absolute immunity and damages are not available against these defendants under these circumstances." *Id*.

Nor may Plaintiff sue these defendants for damages in their official capacities. *See id*. Though nominally brought against these state BOP members, Plaintiff's claim is in reality against the State of Utah. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). And "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). In sum, "the Eleventh Amendment provides immunity for the defendants in their official capacity against [Plaintiff's] claims for damages." *Graham*, 805 F. App'x at 578.

### 5. Denial of Parole

A basis for dismissal of all claims and defendants here involves lack of a federal cause of action. Plaintiff alleges that Defendants' unconstitutional treatment of him resulted in BOP departing from state sentencing guidelines--i.e., "the matrix"--in determining not to grant him parole. He states that he would have been paroled by now if it were not for Defendants.

However, Plaintiff's allegations do not state a federal constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016

(10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge the decision to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The Court thus concludes that Plaintiff fails to state a claim.

### 6. *Heck*

Another basis on which to deny Plaintiff's damages claims, regarding his failure to be released on parole, is the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "Judgment in favor of [Plaintiff] would imply the invalidity of [execution of] his sentence." *O'Neill v. King*, 668 F. App'x 835, 836 (10th Cir. 2016); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). Plaintiff has failed to state a claim here.

### 7. Habeas Relief Sought

One remedy Plaintiff implicitly seeks is termination of his sentence. Such relief is not available under § 1983 but must instead be sought in a habeas-corpus petition. 28 U.S.C.S. § 2241, 2254 (2020).

### CONCLUSION

The Court concludes Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915A(b)(1) (2020). And further amendment is futile.

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's documents regarding "Notice of Claim of Unconstitutionality" are **STRUCK** from the record as inappropriately filed. (ECF Nos. 8-9.)

(2) Plaintiff's motion to amend his amended complaint with actual names of John Does is **GRANTED**. (ECF No. 10.) Those newly named defendants were considered by the Court here.

(3) Plaintiff's "Motion for Preliminary Injunction and/or Protective Order" is **DENIED**. (ECF No. 11.) Any preliminary injunctive relief sought regarding complaint iterations is moot upon dismissal of this action. Any preliminary injunctive relief sought regarding confinement conditions is improper, as those confinement conditions are not included in claims in Amended Complaint and Second Amended Complaint. (ECF Nos. 6, 10.)

(4) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff may use if he wishes to pursue a different case regarding conditions of confinement.[4]

(5) The defendants and claims brought in Amended Complaint and "Second Amended Complaint," (ECF Nos. 6, 10.) are **DISMISSED**. This action is **CLOSED**.

DATED this 9th day of February, 2021.

BY THE COURT:

BRUCE S. JENKINS
United States District Judge

---

[4]Plaintiff is reminded, however, of his "three strikes" status under 28 U.S.C.S. § 1915(g) (2020). Plaintiff has filed three or more prior cases or appeals in federal court that were dismissed as frivolous or failing to state a claim. *Todd v. Herbert*, No. 2:19-CV-293-DAK (D. Utah May 7, 2019) (dismissal order). An inmate such as Plaintiff, who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed. (*Id.*)